# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3741 | **DATE** | 5-17-2012 |
| **CASE TITLE** | Lance Eugene Hall (#N-32909) vs. Swartz, et al. | | |

## DOCKET ENTRY TEXT

The plaintiff is granted thirty days in which he must: (1) either to file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2) or pay the full $350 filing fee and (2) submit an amended complaint. The complaint on file is dismissed without prejudice for failure to state a claim. The clerk is directed to send the plaintiff an i.f.p. application, an amended civil rights complaint form with instructions, and a copy of this order. Failure of the plaintiff to comply within thirty days of the date of this order will result in summary dismissal of this case. **The plaintiff, a highly experienced litigator in this court, is reminded that he must provide the court with the original plus a judge's copy of every document filed.**

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil action pursuant to 42 U.S.C. § 1983. The plaintiff has failed either to pay the statutory filing fee or to file a petition for leave to proceed *in forma pauperis*. While he did submit a portion of a petition for leave to proceed *in forma pauperis*, it is incomplete. The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the court must assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). The court will direct correctional officials to deduct the initial filing fee payment directly from the plaintiff's trust fund account. Thereafter, correctional authorities having custody of the plaintiff will be authorized and ordered to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the court to make the necessary assessment of the initial partial filing fee, the plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Therefore, if the plaintiff wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file a complete *in forma pauperis* application on the form required by the rules of this court, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the past six months [that is, from November 15, 2011, through May 15, 2012].

In addition, the plaintiff's complaint fails to state a claim. Plaintiff alleges that Nurse Becky gave plaintiff the incorrect medications. A few days after the plaintiff told Nurse Becky about the error, she came back to his cell with an officer and his cell was searched. Plaintiff did not receive a required slip indicating his cell was searched. At some point, Nurse Becky wrote a disciplinary ticket against the plaintiff for threats after he cautioned other inmates about wrong medications being given out.

Plaintiff also alleges that at some point, a doctor stopped giving him his evening insulin and snack even though the doctor had not examined the plaintiff. Nor did the doctor give the plaintiff pain medication for seizures or a walking cane. Plaintiff was eventually transferred to another prison.

Plaintiff's complaint fails to state a claim upon which relief can be granted.. To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must state his basic legal claim and provide "some indication . . .

| STATEMENT |
|---|

of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Mere labels and conclusions, or a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S.662, 129 S. Ct. 1937, 1949 (2009)).

    Here, the plaintiff names several Defendants in the caption of the complaint but he fails to indicate how any of the Defendants, except for Nurse Becky, were involved in the alleged unconstitutional conduct. Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). A supervisory official cannot be held liable for the conduct of his subordinates based on a theory of respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). In addition, the plaintiff's general, vague and conclusory allegations do not provide adequate notice of the claims he seeks to raise, who he seeks to raise those claims against, or any time frame as to when any of the alleged misconduct occurred. In short, the plaintiff fails to give any defendant fair notice of the claim against him/her and the grounds upon which that claim rests.

    For the foregoing reasons, the plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted. Plaintiff is granted thirty days in which to submit an amended complaint. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff's allegations must include sufficient facts to put the defendant(s) on notice of the claims against him/her.

    Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

    In summary, the plaintiff must, within thirty days, (1) either file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2) or pay the full $350 filing fee and (2) submit an amended complaint. The clerk is directed to send the plaintiff an i.f.p. application, an amended civil rights complaint form with instructions, and a copy of this order. Failure of the plaintiff to comply within thirty days of the date of this order will result in summary dismissal of this case.

    The plaintiff, a highly experienced litigator in this court, is once again reminded that he must provide the court with the original plus a judge's copy of every document filed.